<u>FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re CHIRO PLUS, INC., et al.,<br><br>                Debtors,<br>_____<br><br>RICARDO DEROSA and JOANN DEROSA,<br><br>                Appellants,<br><br>v.<br><br>CHIRO PLUS, INC., Debtor, and JOSEPH NEWMAN, Chapter 7 Trustee,<br><br>                Appellee. | Civ. No. 05-2487<br>(WGB)<br><br><u>M E M O R A N D U M<br>O P I N I O N</u> |

<u>APPEARANCES</u>:

Ricardo DeRosa
JoAnn DeRosa
PO Box 577486
Modesto, California 95357

        Pro se Appellants

Scott S. Rever
**Wasserman, Jurista & Stolz, P.C.**
225 Millburn Avenue, Suite 207
Millburn, New Jersey 07041

        Counsel for Appellee

**BASSLER, SENIOR DISTRICT JUDGE:**

    Before the Court is an appeal by Ricardo DeRosa and JoAnn DeRosa ("Appellants") of an order by the Bankruptcy Court expunging their claims.

    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the

district courts from "final judgments, orders, and decrees. . . of bankruptcy judges."  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  A district court reviews a bankruptcy court's findings of fact under a "clearly erroneous" standard. Fed. R. Bank. P. 8013; IRS v. Pransky, 318 F.3d 536, 542 (3d Cir. 2003); Henthorn v. GMAC Mortgage Corp., 299 B.R. 351, 354 (E.D.Pa. 2003).  It exercises de novo review over conclusions of law. Pransky, 318 F.3d at 542; Henthorn, 299 B.R. at 354.

For the reasons set forth below, the Court **affirms** the decision of the Bankruptcy Court.

**I. Background**

On March 16, 2001, Chiro Plus, Inc. ("Chiro") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  Pursuant to an order of the United States Bankruptcy Court, Chiro's case was converted to a case under Chapter 7 of the Bankruptcy Code.  On September 17, 2001, Joseph Newman was appointed as Trustee ("the Trustee") by the Office of the United States Trustee to serve as Chapter 7 Trustee in Chiro's case.  The United States Bankruptcy Court eventually consolidated other defendants[1] and their estates and entered a

---

[1] Those defendants include: Matthew Lister, Absolute Care, P.A., Universal Medical Imaging, Inc., Total Medical, P.C., Valley Chiropractic Center, P.A., Medhab, Inc., Rehab Plus, Inc., MedSource Management, Inc., New Med Services, Inc., Almed Management, Inc., IHA Services, Inc. and Smith Street Chiropractic, Inc. (Appellee's Br. at 1-2.)

judgment extending Chiro's case over those defendants ("the Consolidated Debtors" or "the Debtors").

The Trustee, during the course of the bankruptcy case, liquidated all of the Consolidated Debtors' assets for distribution to creditors. The Trustee reviewed the proofs of claim on file with the Bankruptcy Court to determine whether the claims were valid. The Trustee filed a motion for an order expunging or reclassifying certain claims, including those of Appellants.

Appellants were hired by MedSource Management, one of the Consolidated Debtors, and Chiro under a verbal agreement to process and collect bills for chiropractic and medical services provided by some of the Consolidated Debtors. According to Appellants, Chiro terminated the relationship in September of 1999 with outstanding receivables owed to Appellants. The verbal agreement stipulated that Appellants were to be paid for processing and collecting bills only if and when those bills were paid.

Once Chiro and the Consolidated Debtors entered into bankruptcy proceedings, Appellants filed proofs of claim. The Trustee filed objections to Appellants' claims on the grounds that (1) the bills relating to Appellants' claims were not paid because the insurance carriers determined that the bills were fraudulent, (2) the Trustee was unable to determine how

3

Appellants claims were calculated, and (3) the claims did not identify the billings upon which Appellants' claims were based. (Appellee's Br. at 4.)  Appellants filed an opposition to the Trustee's objection.  Both the Trustee and Appellants subsequently filed a supplemental pleadings.

On April 6, 2005, having held a hearing, Chief Judge Gambardella, of the United States Bankruptcy Court for the District of New Jersey, ordered that based on the parties' objections, responses, and supplemental responses, that Appellants' claims be expunged.

Appellants request that this Court reverse the Bankruptcy Court's decision because it (1) erroneously allocated the burdens of proof and (2) it failed to recognize the Trustee's admissions as establishing Appellants' entitlement to the claim under the prevention doctrine.

**II. Discussion**

    **A. Burden of Proof**

The Third Circuit recognizes that "the burden of proof for claims brought in the Bankruptcy Court under 11 U.S.C. § 502(a) rests on different parties at different times." Allegheny Int'l Inc. v. Snyder (In re Allegheny Int'l Inc.), 954 F.2d 167, 173 (3d Cir. 1992).  The claimant bears the initial burden of sufficiently alleging the claim and establishing facts to support a legal liability.  Id.  The burden is then on the objector to

negate the *prima facie* validity of the claim by producing evidence that is at least equal in force to the claim.  Id.  The objector may do so by refuting at least one of the allegations essential to the claim's legal sufficiency.  Id. at 174.  "[T]he burden then reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  Id.

The Bankruptcy Court found, to which the Trustee agreed, that Appellants met the initial burden of filing a presumptively valid proofs of claim.  (Transcript of Motion Hearing, March 29, 2005 ("Tr.") at 8:16-24.)  The Bankruptcy Court then noted that in support of its objection to those claims the Trustee filed motions and a certification that none of the funds related to the billings were actually collected.  Citing In re Holm, 931 F.2d 620 (9th Cir. 1991), the Bankruptcy Court noted that the ultimate burden was on Appellants, as the claimants, and that they failed to overcome the Trustee's negation of the *prima facie* validity of the filed claim.  (See Tr. at 10:12-11:10.)  It then held that "Other than the filing of their written response, which I don't believe meets the burdens under the case law, I'm satisfied at this point that based on the original Objection of the Trustee, the supplement to the Trustee's Objection and the certification submitted in support of that Objection that the claim should be expunged. . . ." (Tr. at 11:1-7.)

Appellants now argue that "the evidence produced by the

5

Trustee did not 'negate' the legal sufficiency of their claims. . . ." (Appellant's Br. at 14.)  Appellants cite <u>Vomhof v. United States</u>, 207 B.R. 191 (D.Minn. 1997), in support of their contention that the Trustee's objections amounted to no more than "legal rhetoric."  While <u>Vomhof</u> provides that an objection must be supported by financial information and factual arguments, Appellants' reliance on that case is misplaced.  <u>Vomhof</u> concerned an IRS property seizure for failure to pay taxes.  There, the appellants, individuals who did not file income tax returns and entered into bankruptcy proceedings, objected to the IRS's proof of claim by filing "legal exhortations concerning the taxability of self-employed citizens." <u>Id</u>. at 192.  In this case, however, the Bankruptcy Court found, and this Court agrees, that the Trustee supported its objection with sufficient evidence by way of the supplemental motions and certification to the initial objection, which provide that the funds related to the billings were never collected, thereby relieving the Debtors' obligation to pay.

Appellants produced not a shred of evidence that the bills underlying their claims were paid.  Instead, they argue that since the contract was based on an oral agreement they need not support their initial claim with any additional evidence. (Appellants' Reply Br. at 3-4.)  Appellants, however, misinterpret Fed. R. Bank. P. 3001(c), which governs the filing

of duplicate instruments, and overlook the fact that regardless of whether the agreement is oral or written the burden of persuasion is always on the claimant. See Allegheny, 954 F.2d at 174. As a result, the Court finds that the Bankruptcy Court did not err when it determined that Appellants failed to overcome the Trustee's valid objection to the proof of claim.

### B. Prevention Doctrine

Appellants also argue that the Trustee's admissions that the billings were fraudulent supports Appellants' claim that under the prevention doctrine the Debtors interfered with Appellants' ability to collect on the billings and thus the condition precedent of actual payment should be excused. (Appellants' Br. at 9-10.) Appellants' argument lacks merit. "The prevention doctrine provides that a party may not escape contractual liability by reliance upon the failure of a condition precedent where the party wrongfully prevented performance of that condition precedent." A.I.C., Ltd. v. Mapco Petroleum, Inc., 711 F. Supp. 1230, 1238 (D.De. 1989). The New Jersey Supreme Court noted:

> The principle that prevention by one party excuses performance by the other, both of a condition and of a promise, may be laid down broadly for all cases. This statement is frequently quoted. The condition is excused because the promisor has caused the non-performance of the condition. Therefore, it is not enough that the promisor evidently would have prevented performance of the condition. *If the promisee could not or would*

> *not have performed the condition, or it would not have happened whatever had been the promisor's conduct, the condition is not excused.* Any conditions which the facts show might have been performed by him, it will be assumed would have been performed if the conduct of the promisor was such as to preclude the possibility of performance. <u>Creek Ranch, Inc. v. New Jersey Turnpike Authority</u>, 75 N.J. 421, 432 (1978) (citing 5 WILLISTON, CONTRACTS, § 677 at 231-232 (3d ed. 1957) (footnote omitted)) (emphasis added).

The Court finds no support for Appellants' contention that the "uncollectability as a matter of New Jersey law, sufficiently establishes [the Debtors'] interference with the condition." (Appellants' Br. at 16.)  The fact remains that Appellants could not have collected on the bills no matter what had been the Debtors' conduct because the insurance carriers determined that the bills were fraudulent.  As noted by the Bankruptcy Court, Appellants provide no evidence, other than their own statements, that supports a conclusion that the bills would have been paid but for the Debtors' preventative actions.  (Tr. at 12:8-22.) The Court therefore finds that the Bankruptcy Court did not err when it found no merit to Appellants' prevention doctrine argument.

**III. Conclusion**

    For the reasons set forth above, the Court **affirms** the Bankruptcy Court's expungement of Appellants' claims.

    An appropriate Order follows.

Dated:    March 3, 2006

                                                  /s/ William G. Bassler  
                                            WILLIAM G. BASSLER, U.S.S.D.J.